[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-16004
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00153-CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY J. MASTANTUONO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 8, 2009)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Anthony J. Mastantuono appeals his 60-month sentence, which was imposed

after he pleaded guilty to five counts of uttering and possessing forged securities in violation of 18 U.S.C. § 513(a). Mastantuono's sentencing guidelines range was 15 to 21 months, and he contends that his 60-month sentence was unreasonable. We affirm.

## I.

Mastantuono was a mortgage broker in Augusta, Georgia. In May 2002, he forged a client's signature and deposited five of her checks, totaling over $11,000, into his own account. Those five checks became the bases for a five-count information against Mastantuono. He pleaded guilty.

At his sentencing, Mastantuono did not make any objections to the Presentence Investigation Report (PSI), and the district court adopted the PSI as its factual findings. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). The PSI stated that Mastantuono had been previously convicted of four theft charges and four other charges based on writing bad checks. The PSI also described how, while his current criminal charges were pending, Mastantuono had befriended 95-year old widow Martha Beattie and removed more than $200,000 from her bank accounts, though the extent of that fraud remains unclear.

2

The district court noted that Mastantuono's base guidelines range was 15 to 21 months' imprisonment, based on his offense level of 12 and his criminal history category of III. The district court also noted that the statutory maximum sentence under 18 U.S.C. § 513(a) was ten years' imprisonment. After considering the § 3553(a) factors, the district court sentenced Mastantuono to 60 months' imprisonment on each of the five counts, to run concurrently. Mastantuono appeals his sentence.

## II.

When a sentence is based a variance from the guidelines under § 3553(a)[1], we review it for reasonableness, which equates to abuse of discretion review. United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005). A defendant who challenges his sentence bears the burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 785, 788 (11th Cir. 2005). Our reasonableness inquiry has two parts.

First, we must ensure that the district court committed no significant

---

[1] Mastantuono suggests that his sentence was based on an "upward departure" instead of a "variance." Although the probation officer did present evidence supporting an upward departure under U.S.S.G. § 4A1.3 or § 5K2.21, the district court made it quite clear that the sentence was based on a § 3553(a) variance. During the sentencing hearing, the district court interrupted counsel to clarify that exact point. The court said, "Actually, it's a variance; is it not, Mr. Dallas [probation officer]?" The officer responded, "Yes, Your Honor," and the district court then said, "Not a departure, but a variance. I should have been more specific about that. Go ahead." See also United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (describing the difference between a variance and an upward departure).

3

procedural error. Possible procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. __, 128 S. Ct. 586, 597 (2007). In stating its reasons for a variance, a district court need not discuss or explain how it has considered each of the § 3553(a) factors. Talley, 431 F.3d at 786. Instead, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." Id.

Mastantuono concedes that the district court's sentencing process was "procedurally sound." Even if Mastantuono had not admitted it, the district court's reference to § 3553(a) was clearly sufficient. The district court reviewed the evidence and arguments presented by both parties, considered the guidelines, and examined the § 3553(a) factors. The court stated:

> It is my conclusion that a guideline sentence— in this case, fifteen to twenty-one months imprisonment— would, contrary to what my friend, Mr. Hawk [defense counsel], says, be perceived, in my estimation, as laughable by the public. The elements of Title 18, United States Code, Section 3553(a) provide that the Court should sentence [a] defendant . . . to achieve all of the objectives and elements enumerated in 3553(a) . . . .

See also Talley, 431 F.3d at 786; United States v. Scott, 426 F.3d 1324, 1329 (11th

4

Cir. 2005); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (noting that after Booker, district courts need not explain every § 3553(a) factor and expound on how each factor played a role in the sentencing decision).

Second, having determined that the district court made no procedural error, we must consider whether Mastantuono's sentence is substantively reasonable, taking into account the totality of the circumstances. Gall, 552 U.S. at ___, 128 S. Ct. at 597; United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Pugh, 515 F.3d at 1191 (quotations omitted).

"In determining whether a sentence is reasonable, we are guided by the factors as set forth in 18 U.S.C. § 3553(a)." United States v. Valnor, 451 F.3d 744, 750–51 (11th Cir. 2006). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing

5

Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Mastantuono contends that the district court acted unreasonably in sentencing him to 60 months' imprisonment, almost triple the top end of the guideline range that applies to his case. Mastantuono argues that his behavior falls within the heartland of the conduct envisioned by the sentencing guidelines, and notes that his forged securities involved less than $12,000. Mastantuono also argues that, based on his criminal history category of III, he would have had to steal more than $400,000 to be subject to 60 months' imprisonment under the guidelines.

However, Mastantuono has failed to show that his 60-month sentence is substantively unreasonable. Mastantuono's background shows a long history of thievery and writing bad checks. Further, the clients from whom Mastantuono stole $11,000 testified that they remain in dire financial straits several years after their loss. Perhaps most importantly, Mastantuono continued his errant ways even after being investigated and charged in the present case. Though the details are not clear, it appears that Mastantuono befriended a 95-year old widow, diverted her mail, and drained her bank accounts of more than $200,000.

All of these considerations fit into the § 3553(a) factors: the circumstances

of the offense were such that Mastantuono's crime caused more harm to his victims than some thefts of $11,000 might; his history of thievery and writing bad checks and his brazenness in stealing from an elderly widow even while his criminal charges were pending suggests that protecting the public, deterring crime, promoting respect for the law, and providing just punishment—all § 3553(a) factors—were reasonably served by varying Mastantuono's sentence upward.

Finally, Mastantuono's 60-month sentence is significantly less than the statutory maximum of ten years for each count under 18 U.S.C. § 513(a). Since Mastantuono pleaded guilty to five counts, his total maximum sentence was 50 years. See Valnor, 451 F.3d at 751–52 (considering a statutory maximum of fifteen years in finding a twenty-eight month sentence reasonable); United States v. Winingear, 422 F.3d 1241, 1245–46 (11th Cir. 2005) (considering a statutory maximum of twenty years in finding a two-year sentence for mail fraud reasonable).

Mastantuono's sentence was both procedurally sound and substantively reasonable. Accordingly, we affirm.

**AFFIRMED**.